PATRICK GLENNON'S (dependent's) CASE.

Suffolk.    December 10, 1920. — December 11, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Workmen's Compensation Act,* Injuries to which act applies. *Proximate Cause.*

Where, upon a claim by the widow of an employee under the workmen's compensation act, it appears that, while engaged in his employer's regular work, the employee was thrown violently from the seat of a wagon to the hub of a wheel and then to the curbstone, that, at the time when he received the injuries, he was suffering from pulmonary tuberculosis and that the injury, while not causing that disease, hastened its progress or excited it to a fatal termination, a finding is warranted that the employee's death was caused by injuries received in the course of and arising out of his employment.

CERTIFICATION, filed in the Superior Court under the provisions of the workmen's compensation act, of a decision of the Industrial Accident Board, finding that the death of Patrick Glennon while in the employ of Frank Jones Brewery Company "resulted from pulmonary tuberculosis caused by traumatism to his ribs and chest on April 25, 1918, this traumatism occurring while the employee was in the course of his employment, and

arising out of such employment," and awarding compensation to the claimant, the employee's widow.

In the Superior Court the case was heard by *Sisk*, J., by whose order a decree was entered in accordance with the decision of the Industrial Accident Board. The insurer appealed.

The case was submitted on briefs.

*H. S. Avery*, for the insurer.

*F. S. Deitrick*, for the claimant.

BY THE COURT. The finding of the Industrial Accident Board was to the effect in substance that the death of the employee resulted from pulmonary tuberculosis induced by injuries to his ribs, chest and back, received by being thrown violently to the hub of a wheel and thence to the curbstone from the seat of the employer's wagon where he was engaged in his regular work, through the striking of the wagon by an automobile. This must stand if there was any evidence to support it. *Pass's Case*, 232 Mass. 515, and cases there collected. Manifestly there was personal injury arising out of and in the course of the employment. The only question is whether there was ground for the finding that the death resulted from that injury.

There was testimony tending to show that at the time of the injury the employee had pulmonary tuberculosis and that the injury while not causing this disease hastened its progress or excited it to a fatal termination. This was enough to warrant a finding against the insurer. The case is fully within the scope of *Madden's Case*, 222 Mass. 487, 493, and *Crowley's Case*, 223 Mass. 288.

*Decree affirmed.*