(No. 13486.—Judgment affirmed.)

THE ROCKFORD CITY TRACTION COMPANY, Plaintiff in Er-. ror, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(THOMAS GOULD, Defendant in Error.)

*Opinion filed December 21, 1920.*

1. WORKMEN'S COMPENSATION—*when pre-existing disease does not preclude compensation.* Compensation may be awarded although there is a pre-existing disease, if the disease is aggravated and accelerated· by an accidental injury in the course of the employment.

2. SAME—*burden is on employer to prove employee was engaged in interstate commerce.* The burden is on the employer to show that the employee at the time of his injury was engaged in interstate commerce, where it seeks to avoid liability under the State Compensation act on that ground.

3. SAME—*both employer and employee must be engaged in interstate commerce.* To bring an injury to an employee within the provisions of the Federal Employers' Liability act it must be shown that both the employer and the employee were at the time of the injury engaged in interstate commerce within the meaning of the act.

4. SAME—*when employee is not engaged in interstate commerce.* An employee who is injured while working upon the tracks of a street railway company which employed and paid him is not engaged in interstate commerce merely because an interurban railway corporation uses the same tracks in its interstate business.

WRIT OF ERROR to the Circuit Court of Winnebago county; the Hon. ROBERT K. WELSH, Judge, presiding.

FISHER, NORTH, WELSH & LINSCOTT, for plaintiff in error.

ROY F. HALL, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

· Defendant in error was employed by plaintiff in· error as a welder. In the latter part of May, 1918, while he was welding rails he suffered an injury which has resulted in the total loss of the use of both eyes. In welding rails defendant in. error operated an electric welder which used

about 550 volts of electricity. The welder is applied to
the ends of the rails as they are laid in the track, the pur-
pose being to melt the steel and thereby cause the rails to
join. In doing this a dazzling light is generated and it is
necessary for the welder to protect his eyes with colored
glasses. For this purpose plaintiff in error provided defend-
ant in error with a hood which had in it a double thickness
of colored glass,—one red and the other green. Because
of the excessive heat or a piece of molten metal coming in
contact with the glass, or for some other unexplained rea-
son, one set of these glasses broke and dropped out and
defendant in error received the flash of light on his naked
eyes. He jumped back from his work, but for some min-
utes his sight was blurred to such an extent that he could
not see. After a few minutes' rest his sight returned and
he replaced the broken lenses and in about thirty minutes
returned to his work. His sight gradually failed him un-
til he was no longer able to work. On application to the
Industrial Commission compensation was awarded, and on
*certiorari* to the circuit court of Winnebago county the
award of the commission was confirmed. This writ of er-
ror is prosecuted to review that judgment.

Much of the evidence appearing in the record tends to
show that the loss of sight is not due to the accident but
to the existence of a pre-existing disease. Defendant in er-
ror was thirty-three years of age and up to the time of the
accident had never had any trouble with his eyes. About
two years before this accident Dr. W. G. Hatch removed a
little piece of solder from the right eye of defendant in er-
ror. The injury was not a serious one, and had little, if
any, permanent effect on his eye. Dr. Hatch tested Gould's
eyes at that time and found the vision of his right eye to
be two-fifths normal and the vision of his left eye better
than normal. Immediately after the accident Gould's eyes
began to pain him. They bothered him while he was at his
work and he was unable to sleep at night on account of the

pain.   On the 23d of May he resigned because his eyes were in such condition that he could no longer attend the work. The commission was justified in its finding that the disability of Gould was the result of the injury.   Though it may be conceded that Gould was suffering from a pre-existing disease that would eventually have affected his eye-sight, we think it fair to conclude from the evidence in this record that the blindness developed as a result of the injury.   Compensation may be awarded although there is a pre-existing disease, if the disease is aggravated and accelerated by an accidental injury in the course of the employment.   (*Big Muddy Coal and Iron Co.* v. *Industrial Board,* 279 Ill. 235; *Wabash Railway Co.* v. *Industrial Com.* 286 id. 194; *Jakub* v. *Industrial Com.* 288 id. 87; *Spring Valley Coal Co.* v. *Industrial Com.* 289 id. 315.)   While much emphasis was laid on this point in the presentation of evidence, the point seems to have been abandoned in the brief and we will not consider it further.

The point urged in the brief of plaintiff in error for a reversal of this judgment is, that defendant in error was engaged in interstate commerce at the time of his injury and that recovery must be had, if at all, under the Federal Employers' Liability act.   This contention is made on the theory that at the time of the injury he was engaged in repairing an instrumentality used in interstate commerce. Plaintiff in error, the Rockford City Traction Company, operates a street railway in the city of Rockford, and an associated company, the Rockford and Interurban Railway Company, operates four interurban lines out of Rockford,—one each to Belvidere, Freeport and Camp Grant, Illinois, and a fourth line to Beloit and Janesville, Wisconsin.   These companies are in law two corporations but they are operated from the same office by the same officers and agents, and their connection is so close that it is almost impossible for anyone to know what are the activities of the one and what of the other.   Defendant in error was in-

jured in the city of Rockford, near the east end of the East State street bridge across Rock river. Over the point where he was injured the Rockford City Traction Company runs practically all its lines of cars, and the Rockford and Interurban Railway Company used the same tracks for its cars that run to Beloit and Janesville, Wisconsin. Defendant in error testified that he was employed by the Rockford City Traction Company and was paid by that company and not by the interurban company. This was sufficient to establish the relation of employer and employee between defendant in error and plaintiff in error. (*Chicago Traction Co.* v. *Industrial Board*, 282 Ill. 230.) Where the employer seeks to avoid liability under the Workmen's Compensation act on the ground that the employee was engaged in interstate commerce at the time of his injury, the burden is on the employer to show that the employee at the time of his injury was engaged in interstate commerce. (*Atchison, Topeka and Santa Fe Railway Co.* v. *Industrial Com.* 290 Ill. 590; *Chicago and Alton Railroad Co.* v. *Industrial Com.* 290 id. 599.) Before the Federal Employers' Liability act controls, it must be shown that the employee was at the time of his injury engaged in the interstate commerce of his employer,—that is, both the employee and the employer must at the time be engaged in interstate commerce within the meaning of the act. (*Chicago and Alton Railroad Co.* v. *Industrial Com.* 288 Ill. 603.) None of the business of plaintiff in error was interstate business, and the circuit court properly held that the Industrial Commission had jurisdiction of the cause. (*San Francisco-Oakland Terminal Railways* v. *Industrial Accident Com.* (Cal.) 179 Pac. 386.) Whatever the arrangement between plaintiff in error and the Rockford and Interurban Railway Company might have been would in no way affect the relation existing between plaintiff in error and defendant in error.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*