(No. 13997.—Reversed and remanded.)

THE SPRINGFIELD DISTRICT COAL MINING COMPANY, Plaintiff in Error, vs. THE INDUSTRIAL COMMISSION *et al.*—(A. R. MERCER, Defendant in Error.)

*Opinion filed October 22, 1921—Rehearing denied Dec. 9, 1921.*

1. WORKMEN'S COMPENSATION—*when an employee is entitled to compensation notwithstanding pre-existing disease.* If an injury to an employee is the proximate cause of his permanent incapacity he may recover compensation for permanent incapacity even though he had a pre-existing disease, but he is not entitled to compensation for a condition resulting from a pre-existing disease and not from any injury suffered in the course of and arising out of the employment.

2. SAME—*employee may be compensated for acceleration or aggravation of disease as a result of injury.* If there is a pre-existing disease the employee is entitled to recover for the consequences attributable to the injury in the acceleration or aggravation of the disease, and such aggravation or acceleration, permanent and progressive in its nature, will entitle the employee to compensation to the extent and in the proportion in which the pre-existing disease is increased or aggravated.

3. SAME—*predisposing physical condition does not affect right to compensation.* If an accident to an employee results in a lesion or new condition of which it is the proximate cause there may be a recovery of compensation for the same, regardless of predisposing physical conditions making the employee more susceptible to the injury.

4. SAME—*when award for total permanent incapacity cannot be sustained.* An award for total permanent incapacity cannot be sustained where the most that can be claimed under the evidence is that the injury might have aggravated and intensified the organic and progressive disease of the heart with which the employee was afflicted before the injury, there being no evidence that his condition was wholly the result of the injury.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

T. W. QUINLAN, for plaintiff in error.

W. J. MACDONALD, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

A. R. Mercer, the defendant in error, was employed in the mine of plaintiff in error, the Springfield District Coal Mining Company, and on December 31, 1918, was getting out an empty coal car when the mule started up, catching him between that car and another one, in the region of his left lower ribs. He made application for compensation, alleging that the accident caused an injury which had resulted in total and permanent disability. At the time of the hearing before the arbitrator he was totally and permanently incapacitated for work from heart disease, which was conceded, and the only question in dispute was whether the injury was the proximate cause, in whole or in part, of his disability. The arbitrator decided that the accident was the cause of the total and permanent disability and awarded the applicant $12 per week for a period of 291 weeks, $8 for one week, and $23.50 per month during the remainder of the life of the applicant as a pension. On a review of the decision of the arbitrator by the Industrial Commission additional evidence was heard and the award was confirmed. On a writ of *certiorari* from the circuit court of Sangamon county the award was again confirmed, and this court granted a writ of error for a review of the judgment of the circuit court.

The applicant was fifty years old and before the accident had worked on a farm and for four or five months prior to the accident had worked in this coal mine. He had always been able to do such work, and testified that he never had any kind of heart trouble or internal trouble before his injury; that at the time of the accident he did not think he was hurt and went back to his work but could not get his breath and was sent home in a buggy; that a doctor bandaged him, and he had been under the care of that doctor and another since his injury; that his heart ached, his head felt like it was going to burst, and his

heart felt filled up and heavy. The doctor who treated applicant at the time of the injury and bandaged him and also treated him at different times up to the hearing testified that he was suffering from myocarditis,—an organic disease of the heart caused by infection and consisting of degeneration of the heart muscles; that the disease is never the result of an outside injury or force applied to the body; that he had examined the applicant thoroughly since the injury, and he was in a bad condition,—weak and emaciated,—but there were no results remaining from the injury which could possibly cause myocarditis, and that he had a temporary disability, only, from the injury. The other doctor who had treated the applicant testified that when he saw him after the accident he had received an injury of the left lower ribs, which, from the nature of the injury, appeared to be a light blow; that he had been strapped for the injury and was having considerable trouble with his heart and abnormal respiration, and that the squeezing he had could have aggravated the condition that was already there but the heart disease was present before the time of the injury. This was all the evidence before the arbitrator and commission and was insufficient to sustain an award that the condition of the applicant was solely the result of the accident.

An employee is entitled by the statute to be compensated for every accidental injury suffered in the course of his employment and arising out of the employment. That is the measure and limit of his right, and if an injury sustained is the proximate cause of the incapacity for which compensation is sought, the previous physical condition of the employee is unimportant, and he may recover for permanent incapacity which results from an accident independent of pre-existing disease. He is not entitled to compensation for a condition resulting from a pre-existing disease and not from an injury suffered in the course of employment and arising out of it. If there is a pre-existing disease

the employee is entitled to recover for all the consequences attributable to the injury in the acceleration or aggravation of such disease. Such aggravation or acceleration, permanent and progressive in its nature, will entitle the employee to compensation to the extent and in the proportion in which the pre-existing disease is increased or aggravated. Mere predisposing physical condition does not affect the right to compensation. If an accident results in a lesion or a new condition of which it is the proximate cause, there may be a recovery of compensation for the same, regardless of predisposing conditions making the employee more susceptible to the injury. *(Big Muddy Coal and Iron Co.* v. *Industrial Board,* 279 Ill. 235; *Peoria Railway Terminal Co.* v. *Industrial Board,* id. 352; *Spring Valley Coal Co.* v. *Industrial Com.* 289 id. 315.) Under these rules, the previous condition of the applicant was a material circumstance to be considered in ascertaining whether his condition of total and permanent disability resulted from the accident suffered in the course of his employment and arising out of it or from the disease, and if from both, the proportion in which the accident contributed.

The doctor who attended the applicant at the time of the injury, testifying as an expert, said that there were no results remaining from the injury and that the disability therefrom was temporary, only. The other doctor said that the accident could have aggravated the heart disease which was present before the time of the injury, and, in view of the testimony that the applicant had always been able to do ordinary work, a conclusion that the accident aggravated or increased the heart condition, whether temporarily or permanently, might be justified. There can be no doubt from the evidence that the applicant had heart disease before the injury, which was progressive and organic in its nature and arose from infection, and a right to compensation depended upon the question whether the injury had aggravated and intensified the existing condition. He

would be entitled to recover so far as the accident contributed, if at all, to his present condition, but there is no evidence tending to show that such condition was due wholly to the accident. The award cannot be sustained on the evidence in the record, and there should be a further opportunity, if desired, to introduce evidence on the question whether, and if so to what extent, the injury contributed to the present permanent incapacity of the applicant.

The judgment of the circuit court is reversed and the cause remanded to that court, with directions to remand the application to the Industrial Commission for a determination of the right to compensation, and, if there is such right, an adjustment of the same in accordance with the law as herein stated, or for a further hearing of evidence, if desired.          *Reversed and remanded, with directions.*