## ABEL ORFF'S CASE.

### Knox.    Opinion December 22, 1922.

*Under the Workmen's Compensation Act if a disorder existing before the accident has been so aggravated or accelerated by an industrial accident as to produce incapacity, the employee is entitled to compensation. The court must set aside the findings of the Commission if unsupported by legal evidence as an assertion of a fundamental legal proposition; but it cannot invade, save in case of fraud, the province of the Commission as a tribunal having exclusive right to determine facts.*

Abel Orff having suffered an industrial accident entered into a duly approved agreement with his employer for compensation for "fracture of rib right side" caused by the accident. It afterwards appeared that his trouble was an internal cancer. This discovery, provided that the accident aggravated the cancerous condition and thus caused disability, changed the supposed character but did not negative the fact of the causal connection.

When the court holds that the findings of the Commission must be set aside because unsupported by legal evidence it is not deciding facts. It is asserting the fundamental legal proposition that a trier of facts acting in a quasi judicial capacity must not render decisions without evidence. But if the court should say to the tribunal having by statute the exclusive right to decide facts that it must accept certain even uncontradicted testimony as conclusive the court would be deciding facts and that, except in case of fraud, it has no power to do.

The insurance carrier on petition by it for review represented that the injury had ended and prayed that the compensation be ended. The burden was on the

petitioner (the insurance carrier) to prove that the incapacitating injury caused by the accident had terminated. The Commissioner found and decided that the evidence produced for the purpose did not prove the termination of the injury caused by the accident. This is a finding of fact that this court has no right to disturb.

On appeal. The petitioner while in the employ of the Rockland & Rockport Lime Corp., at Rockland, on May 8, 1921, accidently fell and struck his side against the handle of a wheelbarrow which he was using. An agreement was entered into under which petitioner was paid compensation at the rate of $15.00 per week for "fracture of rib right side." On January 6, 1922, the insurance carrier petitioned for a review alleging that the injury had ended and asked that compensation cease. Prior to the filing of the petition in review as a result of a medical examination a cancerous condition in the region of the pylorus was indicated and a cancer known as "Adeno Carcinoma" was found from which claimant died February 24, 1922. On February 7, 1922, a hearing on the petition was had, the petitioners in review contending that the cancer must have existed prior to the date of the accident and that there was not sufficient causal relation shown between the cancerous condition and the accident to bring the case within the meaning of the Compensation Act, but the Chairman of the Commission held otherwise, and in effect determined that the injury (incapacity) was not ended and ordered continued payment of compensation, and petitioners in review appealed. Appeal dismissed. Decree affirmed.

The case is fully stated in the opinion.

*Edward C. Payson,* for plaintiff.

*Arthur L. Robinson,* for defendants.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, DEASY, JJ.

DEASY, J. On May 8th, 1921, Abel Orff suffered an industrial accident.

Under Act of 1919, Chap. 238, Sec. 30, an agreement was made between Orff and his employer for weekly compensation for "fracture of rib right side." This agreement was duly approved. Later the insurance carrier presented the petition for review now before us, setting forth the accident, the resulting injury, the agreement,

representing that "the injury for which the employee was compensated has ended" and praying "that compensation  .  .  .  .  may be ended."

The Chairman of the Industrial Accident Commission upon hearing, in effect determined that the injury (incapacity) was not ended, refused to terminate the compensation and ordered its payment continued.

When the commissioner finds the facts *in favor* of a petitioner, in the absence of fraud, the finding is final if there is any legal evidence, however slender, to sustain it. It is when the commissioner decides facts without evidence or upon illegal or inadmissible evidence, that an error of law is committed which this court is required to correct. *Gauthier's Case*, 120 Maine, 78. *Mailman's Case*, 118 Maine, 176.

But where as in this case the finding and decree of the commissioner are *against* the petitioner, no such rule prevails. When the court holds that the findings of the commissioner must be set aside because unsupported by evidence, it is not deciding facts. It is asserting the fundamental legal proposition that a trier of facts acting in a quasi judicial capacity must not render decisions without evidence. But it would be a usurpation for this court to say to the tribunal having by statute the exclusive right to decide facts that it must accept certain testimony as conclusive.

Undoubtedly cases may arise wherein the court will be justified in interfering with a negative decision by a commissioner, but this is not such a case.

At the hearing the burden of proof rested upon the petitioner (insurance carrier) to prove that Orff's incapacity, so far as it was caused by the accident, had ended.

*Cory* v. *Hughes*, 4 B. W. C. C., 291; *Collieries* v. *Toone*, 6 B. W. C. C., 160; *Fischer* v. *Priebe*, (Iowa), 160 N. W., 48.

This burden the petitioner undertook to sustain by medical testimony to the effect that Orff is afflicted with a cancerous condition of the stomach not caused by the accident, but existing prior thereto and that it is to this diseased condition that his present disability is due.

But the man was entitled to compensation if the disability due to the cancer was aggravated or accelerated by the accident. *Patrick* v. *Ham*, 119 Maine, 519; *Car Corporation* v. *Weirick*, (Ind.), 133 N. E., 391; *Geizel* v. *Regina Company*, (N. J.), 114 At., 328; *Traction*

*Co.* v. *Ind. Com.*, (Ill.), 129 N. E., 135; *Glennon's Case*, 236 Mass., 542; *McGoey* v. *Garage Co.*, 186 N. Y. S., 697.

The medical testimony in this case does not negative, but on the other hand lends some support to the theory that Orff's cancerous affection was aggravated and its progress accelerated by the accident.

Dr. Spear said: "I would not say that this blow did not have something to do with the increasing rapidity of the growth, nor will I say that it did."

Dr. Hunt deposed—"It is possible that the injury did accelerate the growth of the cancer."

Dr. Wasgatt testified—"It seems quite probable that the blow might have accelerated it."

This evidence was not offered by the employee to prove that his disability was the result of the accident. That proposition had been in effect established by an agreement having the force of a judgment. Nothing else appearing the status thus established is presumed to continue. The testimony was introduced by the insurance carrier. The carrier attempted unsuccessfully to prove that the man's continued disability was due to a cancerous condition unaffected by the blow. Only thus could it have proved that the incapacitating effects of the accident had ended.

The Commissioner was justified in finding and presumably did find these facts: Abel Orff was on May 8th, 1921 afflicted with an internal cancerous growth. It was so to speak dormant. It caused no pain. He worked regularly and without trouble. But for the accident, disability might have been for some time postponed. Then the accident occurred. After it he suffered constant pain. By it he was incapacitated for work. It was in effect agreed that his incapacity was caused by the accident.

True his injury was diagnosed as a broken rib. True the cancerous condition was discovered after the making of the agreement. This changed the supposed character, but did not negative the fact of the causal connection.

The accident aggravating a diseased condition caused a disability which is not shown to have terminated.

This being presumably the basis of the commissioners finding and conclusion the entry must be,

*Appeal dismissed.*
*Decree affirmed.*