(No. 5525. November 28, 1930.)

EMIL HANSON, Employee, Claimant and Respondent, v. INDEPENDENT SCHOOL DISTRICT 11–J, EL-MORE AND OWYHEE COUNTIES, IDAHO, Employer, and STATE INSURANCE FUND, Surety, Appellants.

[294 Pac. 513.]

Scatterday & Stone, for Appellants.

E. B. Smith and Wm. M. Morgan, for Respondent.

GIVENS, C. J.—Respondent was employed by the appellant, Independent School District 11–J of Elmore and Owyhee Counties, as janitor and school bus driver. Prior to the occasion resulting in the alleged injury, the basis of the dispute herein, respondent was a strong able-bodied man, able to perform arduous manual labor. As was afterwards disclosed, however, he had chronic appendicitis; that several times during October, in driving the school bus, he noticed that the jolting and jerking of the vehicle over a certain portion of the road, which was extremely rocky, caused him rather severe pains in the abdomen, and on Friday, October 19, 1928, an unusual jolt gave him a sudden severe burning pain like a flash in his right side; that upon returning to the schoolhouse he was unable to perform his usual duties there, and the next day was in extreme pain, remaining in bed. Thereafter on October 22d

he was operated upon, when it was found that his appendix had ruptured, torn loose at its base from the place of attachment to the cecum; a general condition of peritonitis prevailed in the abdominal cavity and a coprolith of fecal concretion was found which had evidently been forming for some months prior to October, 1928.

The appendix was removed, an opening left into the cecum and drainage established. Owing to the gangrenous condition he had a fecal fistula and about six weeks afterwards developed empyema. His pleural cavity was opened and drained and later a rib resection was done; an abscess developed under the liver which ruptured through the diaphragm and at the time of the hearing, August 23, 1929, he had a ventral hernia and was still confined to the hospital.

The controversy herein revolves around the finding of the board that "the jolting and jarring which the claimant received on October 19th, 1928, did not cause the disease (chronic appendicitis) with which claimant was suffering on said day, but did aggravate it; that such aggravation was not any different or of any greater extent than any other physical activity that claimant might have engaged in." The board denied compensation evidently on appellant's theory that the disability would have arisen regardless of the jolting and jarring, and because the accident did not cause but merely aggravated the disease or preexisting condition, which was active and progressive at the time of the accident.

An accident proximately causing an injury, though such injury would not have so resulted from such accident, in the absence of a previous disease or weakened condition, nevertheless justifies and under a liberal construction of the statutes requires compensation.

A finding by the board that such injury aggravates or accelerates a previous disease or condition is not sufficient. The board must find specifically whether there is an accident and whether such accident did or did not proximately cause the injury, that is, the ruptured appen-

dix and serious consequences. The presence of a previous disease or weakened condition is immaterial. If it should be determined that respondent's injuries resulted partly but not entirely from the alleged accident, it is the duty of the board to separate the results of the pre-existing disease or weakness from those of the alleged accident and injury and apportion the award accordingly. (*Robinson-Pettet Co. v. Workmen's Compensation Board et al.*, 201 Ky. 719, 258 S. W. 318; *B. F. Avery & Sons v. Carter*, 205 Ky. 548, 266 S. W. 50.).

"An employee is entitled by the statute to be compensated for every accidental injury suffered in the course of his employment and arising out of the employment. That is the measure and limit of his right, and if an injury sustained is the proximate cause of the incapacity for which compensation is sought, the previous physical condition of the employee is unimportant, and he may recover for permanent incapacity which results from an accident independent of pre-existing disease. He is not entitled to compensation for a condition resulting from a pre-existing disease, and not from an injury suffered in the course of employment and arising out of it. If there is a pre-existing disease, the employee is entitled to recover for all the consequences attributable to the injury in the acceleration or aggravation of such disease. Such aggravation or acceleration, permanent and progressive in its nature, will entitle the employee to compensation to the extent and in the proportion in which the pre-existing disease is increased or aggravated. Mere predisposing physical condition does not affect the right to compensation. If an accident results in a lesion or a new condition of which it is the proximate cause, there may be a recovery of compensation for the same, regardless of predisposing conditions making the employee more susceptible to the injury." (*Springfield Dist. Coal Min. Co. v. Industrial Com.*, 300 Ill. 28, 132 N. E. 752, 753.)

This court has said that "although a laborer may have had an injury or a pre-existing physical weakness

which reduces his ability to work below that of a normal man, and be thereby more susceptible to injury, yet if he is able to do some work, and is employed, and in the course of his employment received an injury, he is entitled to an award notwithstanding the former injury" (*In re Larson*, 48 Ida. 136, at 143, 279 Pac. 1087, 1089), and such also would be the case if he were suffering from a disease, having the same general effect. (*Springfield Dist. Coal Min. Co. v. Industrial Commission, supra; Euman v. Dalziel & Co.*, 6 Butterworth's Workmen's Compensation Cases, 901; *Peoria Ry. Terminal Co. v. Industrial Board*, 279 Ill. 352, 116 N. E. 651; *Crescent Coal Co. v. Simmons*, 217 Ala. 367, 116 So. 512; *Pfeiffer v. North Dakota Workmen's Compensation Bureau*, 57 N. D. 326, 221 N. W. 894; *In re Madden*, 222 Mass. 487, 111 N. E. 379, L. R. A. 1916D, 1000; *Glennon's Case*, 236 Mass. 542, 128 N. E. 942; *Owens v. McWilliams*, 85 Ind. App. 92, 152 N. E. 841; *Rockford City Traction Co. v. Industrial Com.*, 295 Ill. 358, 129 N. E. 135.)

Nor would the fact that the disease or previous condition might have terminated as injuriously deprive the claimant of right to compensation if the accident precipitated the injury. (*Warlop v. Western Coal & Min. Co.*, 24 Fed. (2d) 926; *Arender v. Grant Timber & Mfg. Co., Inc.*, 9 La. App. 132, 119 So. 498; *Robinson-Pettet Co. v. Workmen's Compensation Board, supra.*)

The finding that said "aggravation was not any different or of any greater extent than might have been caused by any other physical activity the plaintiff might have engaged in" is not sufficiently to the point, because it is not a question of whether other activities might have caused the injury but whether the activity, if the board finds such to be an accident causing the injury, was engaged in as part of the claimant's employment. An individual working in a factory might fall and break his leg and the mere fact that he might fall in his own home and break his leg would be no reason for denying compensation if the broken leg was suffered in the factory and in the course of his duties as an employee.

It is unnecessary to discuss the point argued by both appellant and respondent as to the weight which this court must give the finding of the Industrial Accident Board.

Judgment of the trial court remanding the cause to the Industrial Accident Board affirmed, but reversed as to the grounds therein specified, and the cause remanded to the Industrial Accident Board for the purpose of having the board make the specific finding as above noted and conclude accordingly; costs awarded to appellant.

Budge, Lee, Varian and McNaughton, JJ., concur.

Petition for rehearing denied.