(No. 5832.    June 20, 1932.)

MARY SCARBOROUGH, Administratrix of the Estate of CHARLES SCARBOROUGH, Deceased, Employee, Appellant, v. C. W. BEARDMORE, Employer, and UNITED STATES FIDELITY & GUARANTY COMPANY, Surety, Respondents.

[12 Pac. (2d) 771.]

J. Ward Arney, for Appellant.

N. D. Wernette, for Respondents.

VARIAN, J.—Proceeding under the Workmen's Compensation Act. In March, 1929, Charles Scarborough, aged fifty-four, employed by respondent Beardmore as a millwright in a sawmill, while lifting a steel shaft weighing one hundred fifty or one hundred seventy-five pounds, was seized with a severe pain in the small of his back. The Industrial Accident Board awarded compensation, which award was set aside by the district court on appeal. Scarborough appealed from the judgment of the district court but died, February 11, 1932, while this appeal was pending. Upon stipulation, an order was duly entered in this court substituting Mary Scarborough, the administratrix, for Charles Scarborough, as appellant herein.

The Industrial Accident Board found substantially as follows: That claimant entered the employ of Beardmore during the month of March, 1922, and worked for him continuously as a millwright until he became disabled for work in March, 1929, at which time he was a married man without dependent children; that claimant called upon a physician about March 10, 1929, at Priest River, Idaho, com-

plaining of pain in the lumbar region, radiating around the left hip and in the lower abdomen, giving to said physician no history of any accident or any injury; that the physician was unable to diagnose the cause of claimant's symptoms after a complete physical examination, but prescribed medicines and a complete rest with the use of electric pad and hot compresses across the back and around the hips; that said treatment was continued for ten days; that on or about March 20th claimant gave to said physician a history to the effect that, on or about March 1, 1929, claimant "lifted on a piece of steel shafting" and at that time noticed pain in his back and hip; that then said physician recommended that claimant be examined by other physicians and surgeons; that on April 2, 1929, claimant was examined by physicians and surgeons at Spokane, when it was found that claimant had a compression fracture of the first lumbar vertebra, of long standing, which was not received by claimant in March, 1929; that X-ray photographs disclosed a condition of osteoarthritis in the spinal column and as a result thereof there was a proliferation of bone on the lower dorsal and upper lumbar vertebrae "to such an extent that the proliferation of bone of both sides of the tenth and eleventh vertebrae practically bridged across, almost fusing with one another; . . . . that the proliferation of bone which is shown on said X-rays and which is here found to have existed on claimant's dorsal and lumbar spine on the second day of April, 1929, was the result of osteoarthritis and was not the result of any accident or of any injury to claimant during the month of March, 1929''; that about 3 o'clock in the afternoon, on or about March 1, 1929, while performing his regular duties for his employer, and as a part of his regular work and duty, claimant lifted or attempted to lift a piece of steel shafting weighing between one hundred fifty and one hundred seventy-five pounds; that in order to lift said shafting, claimant stooped over and took hold of it and was lifting thereon; that while so lifting he felt a pain in the lumbar region which caused him to fall to his hands and knees;

that the pain he then felt was an aggravation of the symptoms of osteoarthritis; that claimant raised himself by means of a carriage block and remained there for ten or fifteen minutes; that he remained around the mill until 4 P. M., the usual quitting time, and then went home; that he continued working for his said employer until the visit to the physician at Priest River, about March 10, 1929, about which date "the claimant did cease work on account of pain in his back and has been totally disabled for work since that time on account of said pain and is now so totally disabled for work"; that twenty-five years ago claimant fell from a flat car in New Mexico, as a result of which he was disabled for work for two days, and in 1921, at Eureka, Montana, he was disabled from work for a period of ten days; that during all of the time claimant was in the employ of Beardmore he was able to and did do the ordinary work and labor required of him as a millwright; "that the osteoarthritis which claimant had on the second day of April, 1929, was a progressive disease and the proliferation of bone resulting therefrom was a condition of long standing and existed long prior to the first day of March, 1929, and together with the compression fracture which the claimant had at that time and which he had had prior to the month of March, 1929, would eventually have disabled him for work without any intervening cause but had not on the first day of March disabled him for work and that his attempt to lift the steel shafting on said day aggravated the symptoms of arthritis to such an extent that ever since that time he has been totally disabled for work."

The findings of the board are silent as to whether Scarborough's disability was the result of accident, and are merely to the effect that he "did cease work on account of pain in his back and has been totally disabled for work since that time on account of said pain and is now so totally disabled for work"; that the disease, osteoarthritis, from which Scarborough was suffering, coupled with the compression fracture occurring prior to March 1, 1929,

would eventually have disabled him from work "without any intervening cause"; and that his attempt to lift the steel shafting on said day "aggravated the symptoms of arthritis" to such an extent that ever since that time he has been totally disabled. In short, the board found Scarborough was disabled on account of pain in the back, and that certain symptoms were aggravated, not that the disease itself was aggravated or that it caused pain in the back. The findings are not sufficient to sustain an award. The board must find specifically whether there was an accident and whether such accident was or was not the proximate cause of the injury, although the presence of a previous disease or weakened condition is immaterial. (*Hanson v. Independent School District 11-J*, 50 Ida. 81, 294 Pac. 513.)

"Regardless of pre-existing conditions, if a workman's disability is precipitated by an accident arising out of his employment, which disability would in all probability not have arisen but for such accident, the statute contemplates full compensation." (*Strouse v. Hercules Min. Co.*, 51 Ida. 7, 1 Pac. (2d) 203, 206; *In re Larson*, 48 Ida. 136, 143, 279 Pac. 1087; *McNeil v. Panhandle Lumber Co.*, 34 Ida. 773, 788, 203 Pac. 1068.)

The judgment of the district court is reversed and the proceeding remanded to the Industrial Accident Board to make the specific finding above noted and conclude in accordance therewith. (*Hanson v. Independent School District 11-J, supra.*) Costs to appellant.

Lee, C. J., and Budge, Givens and Leeper, JJ., concur.