CAMBRIA COAL CO. *v.* AULT.

(*Knoxville,* September Term, 1933.)

Opinion filed Nov. 18, 1933.

J. H. UNDERWOOD and BEN F. ALEXANDER, for Cambria Coal Co.

HARTMAN, HARTMAN & DOUGHTY and A. L. FOX, for Gretchen Ault.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

■ The only question presented on this appeal from a compensation award in favor of petitioner, Gretchen Ault, whose husband was adjudged in the trial court to have died as the result of an accident while employed in the mines of the coal company, is whether or not the death was the result of an accident, or resulted from preexisting disease.

This is a question of fact, as to which the finding of the trial judge will not be disturbed by this court, if there is material evidence to support it.

Ault had been transferred from another place of work in the mines on the morning of his death to assist Jack Pruitt in loading coal into the tramway cars in the mines. A part of their duty was to push these cars some distance, a portion of which was up a considerable grade. It appears that after pushing one of the cars, which Pruitt testifies was a somewhat heavier load than usual, deceased showed some signs of a strain by his panting for breath, and a moment later after having addressed a remark to Pruitt, passed around the car, and giving out evidences of extreme distress, sank down and died within ten minutes. In addition to this evidence of a strain which affected his physical condition, and resulted in his death, the testimony of one or more physicians showed that his death resulted from acute dilation of the heart, which, according to the testimony, was likely to result from overexertion such as is described to have taken place.

■ However, the proof further shows that the deceased had what might be described as a chronic condition of heart weakness which made him more susceptible naturally to fatal consequences in case of such overexertion, and it is insisted that his death was not there-

fore chargeable to accident, and therefore compensable, but rather to this diseased condition. We are of opinion that, under the holdings in this State and generally, the trial judge was justified in awarding compensation under the facts shown. In *Tenn. Eastman Corp.* v. *Russell,* 150 Tenn., at page 334, 265 S. W., 540, 541, the opinion expresses approval of the rule that ''a pre-existing weakness or disease will not prevent the injury from being the result of an accident, if the accident is the immediate cause of the injury,'' citing Honnold's Workmen's Compensation, page 280. The same authority is also cited, page 290, for the statement that, ''an acceleration or aggravation of a pre-existing ailment may be a personal injury, in the sense of the compensation laws.'' The same opinion quotes approvingly from C. J. Workmen's Compensation Pamphlet, 76, that ''a previously diseased condition of the employee which predisposes him to such an accident as he sustained will not prevent the accident from being regarded as arising out of the employment.''

This is the general rule. In *Brightman's Case,* 220 Mass., 17, 107 N. E. 527, L. R. A., 1916A, 321, it was held that the acceleration of a previously existing heart disease to a mortal end sooner than it otherwise would have come was injury within the meaning of the compensation law. To the same effect see *Indian Creek Coal & Mining Co.* v. *Calvert,* 68 Ind. App., 474, 119 N. E., 519, 120 N. E., 709; *Madden's Case,* 222 Mass., 487, 111 N. E., 379, L. R. A., 1916D, 1000; *Springfield Dist. Coal Mining Co.* v. *Industrial Comm.,* 300 Ill., 28, 132 N. E., 752; *Uhl* v. *Guarantee Const. Co.,* 174 App. Div., 571, 161 N. Y. S., 659.

We are unable to concur with learned counsel for the coal company that the trial judge was left to conjecture

only under the facts proven in the instant case. The undisputed testimony supported his conclusion that the deceased died, as already indicated, from an acute dilation of the heart, and the fact that he suffered from a pre-existing weakness of the heart does not, under the above authorities, prevent a recovery, where the testimony so plainly shows that the immediate cause of his death was the extra exertion put forth by him at the time.

Affirmed.