(No. 6267.   January 25, 1937.)

EMIL HANSON, Appellant, v. INDEPENDENT SCHOOL DISTRICT 11–J, ELMORE AND OWYHEE COUNTIES, IDAHO, and STATE INSURANCE FUND, Surety, Respondents.

[65 Pac. (2d) .733.]

E. B. Smith, for Appellant.

J. R. Smead and P. C. O'Malley, for Respondents.

BUDGE, J.—This case was before this court upon a former appeal (*Hanson v. Independent School Dist. 11–J*, 50 Ida. 81, 294 Pac. 5i3) and it will therefore be unnecessary to restate the facts.

Upon the former appeal the cause was remanded to the trial court with the following instructions:

"The board must find specifically whether there is an accident and whether such accident did or did not proximately cause the injury, that is, the ruptured appendix and serious consequences. The presence of a previous disease or weakened condition is immaterial, . . . . and the cause remanded to the Industrial Accident Board for the purpose of having the board make the specific finding as above noted and conclude accordingly."

The board made no further findings, but approved an agreement between appellant and respondent providing in part as follows:

"WHEREAS The said Emil Hanson is permanently and totally disabled for work as the result of the said appendicitis and complications arising therefrom by reason of the collapse of the right lung, loss of the ribs on the right side, and a large abdominal hernia, and

NOW, THEREFORE, IT IS AGREED By and between the parties hereto that of such total and permanent disability 300 weeks may be considered as being attributable to the injury forming the basis of his claim for compensation, and that the remainder of such disability may be considered as resulting from a preexisting and progressive disease of appendicitis; and the said Independent School District No. 11–J of Elmore and Owyhee Counties, Idaho, as employer, and the State Insurance Fund, as surety hereby agree to

pay to the said Emil Hanson Compensation at the rate of $16 per week for the full period of 300 weeks, together with the expense for medical, surgical, hospital, and nursing services, and other expenses necessarily and incidentally incurred by reason of said appendicitis and illness resulting therefrom."

It will be observed that the agreement provides that Emil Hanson, appellant, was to receive compensation at the rate of $16 per week for the full period of 300 weeks, together with medical, surgical, hospital and nursing expenses, which amounts have been paid. The agreement was approved by the Industrial Accident Board on March 3, 1931. On July 26, 1934, appellant filed his application with the board for a review and modification of the agreement or award, seeking compensation benefits as provided by law (I. C. A., sec. 43–1110) for his permanent total disability for work, or at the rate of $16 per week for 400 weeks and thereafter a weekly compensation of six dollars a week. Appellant's application was denied by the board and thereafter upon appeal from the action of the board to the district court the action of the board was sustained. This appeal is from the judgment of the district court.

Appellant specifies four assignments of error all of which specifications raise the same question, namely, whether the court erred in failing to hold that that portion of the agreement which provides that appellant was to receive compensation for permanent total disability for a period of 300 weeks, only, instead of compensation for total permanent disability for a period of 400 weeks and additional compensation thereafter at the rate of six dollars per week. The compensation allowed was based upon the theory that it compensated appellant for the permanent total disability sustained by reason of the accident and that further compensation could not be allowed since appellant was suffering from a preexisting and progressive disease of appendicitis prior to the injury. Or otherwise stated: It was sought to segregate the result of the preexisting and progressive disease of appendicitis from the result of the accident and apportion the award accordingly. It was admitted by all of the parties, as stipulated in the agreement, that appellant is permanently and totally dis-

abled for work, and that his permanent disability was at-·tributable in part to the injury forming the basis of his claim for compensation. The question therefore arises: Was it within the power of the board to approve an agreement segregating and compensating for a part of the injury following the accident but refusing to allow appellant full compensation for total and permanent disability due to the fact that he had a preexisting and progressive disease or weakness. I. C. A., section 43–1402, provides:

"If the employer and the injured employee reach an agreement in regard to compensation under this act, a memorandum of the agreement shall be filed with the board, and if approved by it, thereupon the memorandum shall for all purposes be enforceable under the provisions of section 43–1410 unless modified as provided in section 43–1407. *Such agreement shall be approved only when the terms conform to the provisions of this act."* (Italics inserted.)

It is the mandate contained in the last sentence of the foregoing statute which appellant urges was not followed by the board, with the result that the approved agreement was a nullity in so far as it attempted to provide a different compensation than that provided by the Workmen's Compensation Act for total permanent disability caused by injury arising out of and in the course of appellant's employment. It appears from the statutes and the decisions of this court that awards and agreements under the Workmen's Compensation Act must conform to the compensation law and not otherwise. I. C. A., section 43–902, provides in part:

"The state of Idaho, therefore, exercising herein its police and sovereign power, *declares that all phases of the premises are withdrawn from private controversy,* and sure and certain relief for injured workmen and their families and dependents is hereby provided regardless of questions of fault *and to the exclusion of every other remedy, proceeding or compensation,* except as is otherwise provided in this act, . . . . " (Italics inserted.)

It is then provided in I. C. A., section 43–1001, that:

"If a workman receives personal injury by accident arising out of and in the course of any employment covered by this chapter his employer or the surety *shall pay compensation*

*in the amounts* and to the person or persons *hereinafter specified.''* (Italics inserted.)

It is provided by I. C. A., section 43–1005, that:

''No contract, rule, regulation or device whatsoever shall operate to relieve the employer in whole or in part from any liability created by this chapter, other than is provided in section 43–1006 (providing for an agreement between employer and employee for a system of compensation in lieu of that created by the compensation law) and 43–1008 (providing the terms and conditions under which hospital contracts may be entered into by employer and employees).''

In *Strouse v. Hercules Min. Co.*, 51 Ida. 7, 1 Pac. (2d) 203, it is stated:

''Appellants cite *Hanson v. Independent School Dist.*, 50 Ida. 81, 294 Pac. 513, to support a contention that, where a disability results partly but not entirely from an alleged accident, it is the duty of the board to separate the results of the preexisting disease or weakness from those of the accident and apportion the award accordingly. This is not the rule in Idaho but in Kentucky where a different statute prevails. C. S., sec. 6217, (now I. C. A., sec 43–1001) recognizes no such apportionment. Regardless of pre-existing conditions, if a workman's disability is precipitated by an accident arising out of his employment, which disability would in all probability not have arisen but for such accident, the statute contemplates full compensation. (*McNeil v. Panhandle Lumber Co.*, 34 Ida. 773, 778, 203 Pac. 1068; *In re Larson*, 48 Ida. 136, 143, 279 Pac. 1087.)''

In *Scarborough v. Beardmore*, 52 Ida. 180, 12 Pac. (2d) 771, it is stated:

''The board must find specifically whether there was an accident and whether such accident was or was not the proximate cause of the injury, although the presence of a previous disease or weakened condition is immaterial. (*Hanson v. Independent School District 11–J*, 50 Ida. 81, 294 Pac. 513.)

'' 'Regardless of pre-existing conditions, if a workman's disability is precipitated by an accident arising out of his employment, which disability would in all probability not have arisen but for such accident, the statute contemplates full compensation.' ''

In *Mell v. Larson,* 54 Ida. 754, 36 Pac. (2d) 250, the following language is used:

"Appellant cites us particularly to the case of *Hanson v. Independent School Dist.,* 50 Ida. 81, 294 Pac. 513, and *Strouse v. Hercules Min. Co.,* 51 Ida. 7, 1 Pac. (2d) 203. In the Hanson case it was held that where there is a preexisting disease, the fact that the disease or previous condition might have terminated as injuriously does not deprive the claimant of the right to compensation if the accident precipitated the injury."

See, also: *Beaver v. Morrison-Knudson Co.,* 55 Ida. 275, 41 Pac. (2d) 605; *McNeil v. Panhandle Lumber Co.,* 34 Ida. 773, 203 Pac. 1068; *In re Larson,* 48 Ida. 136, 279 Pac. 1087; *Fealka v. Federal Min. etc. Co.,* 53 Ida. 362, 24 Pac. (2d) 325.

In the agreement it is stipulated that:
"of such total and permanent disability 300 weeks may be considered as being attributable to the injury forming the basis of his claim for compensation, and the remainder of such disability may be considered as resulting from a preexisting and progressive disease of appendicitis."

Under the provisions of the Workmen's Compensation Act and the decisions of this court heretofore referred to we are of the opinion that while the board is authorized to approve an agreement of settlement as provided by I. C. A., section 43–1402, such agreement must incorporate, otherwise there will be read into the agreement, the provisions of the Workmen's Compensation Act, and it is not within the power of the board to award a lesser or different compensation to claimant than that provided by the Workmen's Compensation Act although he was suffering from a preexisting and progressive disease. The agreement admits permanent total disability attributable to the injury and the statute provides a fixed compensation for such permanent total disability. The fact that appellant was suffering from a preexisting and progressive disease of appendicitis would be immaterial, if the injury sustained was the result of the accident. That portion of the agreement which provides for compensation for permanent total disability for 300 weeks only as being attributable to the injury cannot be sustained.

The judgment ·is reversed and the cause remanded with instructions to the district court to enter judgment in favor of appellant at the rate of $16 per week for 400 weeks, and six dollars per week thereafter, less 300 weeks, interest to be paid thereon in conformity with I. C. A., section 43–1412.

Holden and Givens, JJ., concur.

Morgan, C. J., deeming himself disqualified, did not sit at the hearing and took no part in the decision of this case.

Petition for rehearing denied.