(No. 6726.    September 28, 1939.)

H. A. COOK, Respondent, v. NEWELL WINGET, Employer, and STATE INSURANCE FUND, Surety, Appellants.

[94 Pac. (2d) 676.]

Clarence L. Hillman, for Appellants.

Arthur W. Hart, for Respondent.

BUDGE, J.—The evidence, though meager, is virtually without conflict and is to the effect that on January 28, 1939, respondent, employed as manager of an ice cream manufacturing establishment at Preston, Idaho, while unloading trucks and transferring cans of ice cream, weighing about forty-five pounds each, from trucks to cabinets became very sick and had a severe headache which continued on and off since such time. That night as soon as respondent arrived home and undressed he noticed a bulge on his left side near

the pelvis, down low, nearly as large as an egg. Respondent continued to carry on his duties, waiting on customers, but did no unloading or transferring of ice cream nor lifting thereafter. Some one or two months later respondent for the first time consulted a doctor and the doctor diagnosed his condition as an indirect inguinal hernia. Respondent then filed notice of injury and claim for compensation. The Industrial Accident Board after the hearing made and entered findings of fact, rulings of law and an award in favor of respondent and against appellants to the effect that respondent had sustained a personal injury by accident, a hernia, arising out of and in the course of his employment, while unloading ice cream on January 28, 1939, and:

"That said hernia appeared suddenly and immediately following the lifting of said ice cream; that the hernia had not existed in any degree prior to said lifting."

The order of the board was to the effect that appellants tender respondent proper surgical and medical attendance and hospitalization within thirty days, and that upon appellants' refusal respondent might have such medical and surgical care and hospitalization at the expense of appellants together with compensation at the rate of $16 per week while respondent was totally disabled for work by reason of such attendance, and that the board retain jurisdiction over the matter for further proceedings as might be necessary. This appeal was then prosecuted from the order.

Section 43–1116, I. C. A., contains the following provisions:

"In all cases of hernia resulting from injury by accident alleged to have been sustained in the course of and resulting from employee's employment, it must be proved:

"1. That it was an injury by accident resulting in hernia.

"2. That the hernia appeared suddenly and immediately following the accident.

"3. That the hernia did not exist in any degree prior to the injury by accident for which compensation is claimed.

"4. That the hernia was reported to the employer within thirty days after the accident."

Appellants' several specifications of error urge that no evidence was adduced to prove the essentials contained in the

foregoing section 43–1116, I. C. A., and therefore the findings of fact to the effect that such essentials did exist are not based upon any substantial, competent evidence and consequently the rulings of law and award made and entered in favor of respondent and against appellants are contrary to law, requiring a reversal.

The main point urged by appellants appears to be that the board confused the terms ''injury'' and ''accident'' and that the evidence does not disclose that any ''accident'' happened to respondent, that he ''suffered no mishap, there was no fortuitous event. He was performing his duties as he had been doing for two or more years. There was nothing unusual in the work he was doing at the time of the alleged accident. Then, what was the accident? Was it the lifting of the 45-pound cans of ice cream? If so, which one? Or, did he have an accident each time he lifted a can although there was no injury?'' Appellants' argument appears to be not wholly based upon the facts inasmuch as it does not appear that respondent's hernia gradually appeared, but rather it appeared more or less instantaneously on the 28th of January. The record does not disclose that the hernia from which respondent was suffering resulted in any manner other than that related by respondent, which was that while lifting and transferring the cans of ice cream on January 28th he suddenly became very sick, together with a severe headache and that night while undressing he noticed a bulge on his left side near the pelvis, low down, later diagnosed as a·hernia, and which has grown from about the size of an egg when first noticed to about the size of respondent's fist. Since said date of January 28th when respondent first became sick he has been very sick ''along in (his) abdominal structures'' and has suffered tenderness throughout his abdomen and has had severe headaches from that time on and which he did not have prior to January 28th. This court in *McNiel v. Panhandle Lumber Co.*, 34 Ida. 773, 203 Pac. 1068, held that the cause of injury is not required to be proved with absolute certainty. It is sufficient if respondent proves to the satisfaction of the board, with reasonable probability that the accident occurred in the manner claimed by him. While it may be that re-

spondent suffered a natural weakness which at some time might develop into a hernia, such does not constitute a hernia, as said in *Stoddard v. Mason's Blue Link Stores*, 55 Ida. 609, 45 Pac. (2d) 597:

"From the authorities it appears that the conclusion must be reached that a hernia is the protrusion of some organ or tissue from its normal situation through an accidental or natural opening in the wall of the cavity in which it is contained and, that the mere presence of a perforation or an aperture in the cavity wall, either accidental or natural, and through which some organ or tissue may protrude at a later time, is not a hernia within the meaning of I. C. A., sec. 43–1116."

Personal injury by accident has been defined in *Aldrich v. Dole*, 43 Ida. 30, 249 Pac. 87, citing many sustaining cases, as follows:

"Although the cases may be said to be not in entire accord, a reading of the American and English decisions construing statutes identical and similar to ours, indicates that the weight of authority is that a workman may be said to receive a personal injury by accident arising out of and in the course of his employment when, from the operation of known and usual causes, he receives an injury, neither expected nor designed."

The only medical authority who testified stated that the lifting of a weight of forty-five pounds of any kind might bring on the hernia. That respondent did not lift any weight greater than ordinary is not controlling.

"All accidents are preceded by a cause,—in some cases that cause may have operated instantaneously and in others it may have been operating for days, months or years and ultimately the 'accident' occurs,—the 'blow out' (or 'blow up') happens. A workman works on a given job for years where he regularly has to lift a considerable weight; in the course of time his heart grows weaker and eventually he lifts a similar load and his heart fails and he dies; and the experts tell us that he overstrained himself in lifting the load, and we say it was an accident arising out of his employment (*In re Larson, supra* [48 Ida. 136, 279 Pac. 1087].)

Or it may impair or rupture some other part of the body so that the final effort at labor, accomplishes the breakdown, and still we say it was an 'accident.' (*Hanson v. Independent School District 11–J,* 50 Ida. 81, 294 Pac. 513.) How different are such cases in principle from the one under consideration here?" (*In re Soran,* 57 Ida. 483, 67 Pac. (2d) 906, quoting from *Beaver v. Morrison-Knudson Co.,* 55 Ida. 275, 41 Pac. (2d) 605.)

See, also, *In re Larson,* 48 Ida. 136, 279 Pac. 1087; *Hanson v. Independent School Dist. 11–J,* 50 Ida. 81, 294 Pac. 513.

In a somewhat similar situation, wherein the uncertainty of when and where the accident happened was in question, this court in *Stoddard v. Mason's Blue Link Stores, supra,* said:

"It is urged that even though an accident was proven it is uncertain as to when and where the accident happened. If the accident is one whose happening cannot be fixed as of a specific date, it is sufficient to establish such time with reasonable probability. (*McNiel v. Panhandle Lumber Co.,* 34 Ida. 773, 203 Pac. 1068.) The evidence is clear and satisfactory, and without conflict, that the hernia had its first appearance on the 13th at the time claimant stumbled and fell while carrying the box of oranges and lemons for his employer, and eventually, within three days thereafter, had almost reached a permanent strangulation, resulting in the operation, appellant's own medical witness giving the foregoing as his opinion."

Respondent's hernia was first noticed by him while undressing the night of the day upon which he was engaged in lifting and transferring the cans of ice cream and when he suddenly became ill. The evidence would appear sufficiently clear and satisfactory and without conflict that respondent received an injury by accident resulting in hernia and that the hernia appeared suddenly and immediately following the accident.

The point is also urged that respondent's proof did not establish that the hernia did not exist in any degree prior to the injury by accident for which compensation is claimed, appellants in effect urging that the proof was to

the contrary. As stated in *Stoddard v. Mason's Blue Link Stores, supra*:

"The mere presence of a perforation or an aperture in the cavity wall, *either accidental or natural,* and through which some organ or tissue may protrude at a later time, is not a hernia within the meaning of I. C. A., sec. 43–1116." (Emphasis inserted.)

There is evidence that some seven or eight years previous respondent had reported to the State Insurance Fund that he had symptoms of hernia, stating the facts to be that:

"Possibly eight years ago, working in a lumber camp we were out carrying green ties and during the evening after working hours we went to our camp and proceeded to a night's rest and the next morning I reported to the boss, whose name is William Black, and whose address is Price, Utah, I reported to him I felt very ill the next morning but I continued on with my work and he said 'Probably you might have caused a hernia by lifting green ties yesterday' but I was never examined by a doctor, but it never bothered me no more."

Respondent further testified that he had suffered no sickness, that he had noticed no protrusion and the only thing that lead him to believe he had a hernia at that time was "what my boss told me at that time. He said 'You probably have a hernia from lifting those ties.' " It appears that the evidence not only fails to disclose that respondent had a hernia, but likewise there is evidence that he had no indication of hernia at the time of making the report to the State Insurance Fund and thereafter had no examination, suffered no tenderness or sickness and had no indication of hernia. We believe the board correctly found that the hernia did not exist in any degree prior to the injury by accident for which compensation is claimed.

From the record it appears any question with relation to the giving of notice to the employer is of no moment, Mr. Hillman, attorney for appellants, admitting as follows:

"Mr. HILLMAN. Pardon me. The defendants admit that the employer was notified of the alleged accident and of the

alleged injury within thirty days and the alleged happening of it and was notified in writing to that effect.

"Mr. SUPPINGER: Then you admit a claim was duly made on the employer?

"Mr. HILLMAN. Yes."

The order of the board should be affirmed and it is so ordered. Costs awarded to respondent.

Ailshie, C. J., and Givens, Morgan and Holden, JJ., concur.