(No. 6683. October 27, 1939.)

HARRY O. SMITH, Employee, Respondent, v. MERCY HOSPITAL, Employer, and STATE INSURANCE FUND, Surety, Appellants.

[95 Pac. (2d) 580.]

Clarence L. Hillman, for Appellants.

Earl E. Garrity, for Respondent.

BUDGE, J.—Respondent was granted an award by the Industrial Accident Board for hospital, surgical and medical fees and compensation for loss of services, as a result of a hearing had upon his notice of injury and claim for compensation filed with the board October 11, 1938. The injury for which such claim was made was a hernia. This appeal was taken from the order of the board.

Appellants' assignments of error raise one main point, namely, that the findings of fact do not support the rulings of law or the award. Section 43–1116, I. C. A., contains the following with reference to the proof in cases of hernia:

"In all cases of hernia resulting from injury by accident alleged to have been sustained in the course of and resulting from employee's employment, it must be proved:

"1. That it was an injury by accident resulting in hernia.

"2. That the hernia appeared suddenly and immediately following the accident.

"3. That the hernia did not exist in any degree prior to the injury by accident for which compensation is claimed.

"4. That the hernia was reported to the employer within thirty days after the accident."

The findings of fact in so far as they contain any reference to the essentials set forth in the foregoing statute recite:

"That in the early spring of 1937, the claimant received a right inguinal hernia; that thereafter he wore a truss to prevent its protrusion; that on the said 22nd day of April, 1938, the claimant as part of his duties for the Mercy Hospital was lifting one of the patients therein from a bed onto a wheel chair; that in so doing and while straining to lift said patient, claimant felt a sharp sudden pain in his left groin; that at the time he supposed it was a pinch from the truss he was wearing; that shortly thereafter, because of the pain, claimant rested for approximately two hours then resumed his regular work; that the following day claimant reported his injury to the Secretary of the Mercy Hospital; that he continued to do his regular work although suffering soreness and some discomfort in the left groin.

"That on the 18th day of July, 1938, the pain having become more noticeable, claimant visited a physician and on the advice of said physician claimant was operated on; that at the time of said operation the attending physician noticed a prominent bulge in the left groin which he diagnosed as a hernia; that he thereupon performed a double herniotomy, repairing both the hernia in the left groin and the one in the right; that in said operation it was revealed there was a separation of the muscles on the left side and an incomplete direct inguinal hernia with no definite sac; the peritoneum was bulging through the opening, and after reduction of the hernia it left the peritoneum loose and wrinkled indicating a hernia of recent origin; that at the right hernia there was a definite sac indicating it was a hernia of longer duration; that claimant remained in the hospital and in bed for a period of three weeks; that on the 29th day of August, 1938, all claimant's disability for work ceased and that he now has no permanent disability as a result of the hernia.

"That the employer received notice of the injury within thirty days after the happening thereof, and that a claim for compensation in writing containing the name and address of the employer and the time, place, nature and cause of the injury, signed by the claimant, was made on the 10th day of

August, 1938, and a copy thereof filed in the office of the Industrial Accident Board on the 11th day of August, 1938.

"That the left inguinal hernia for which claimant was operated on was the result of a personal injury by accident arising out of and in the course of his employment with the defendant, Mercy Hospital."

Appellant urges that since the burden of proof was upon respondent to prove, in this, a hernia case, each of the four essentials set forth in section 43–1116, I. C. A., *supra* (*Cook v. Winget, ante,* p. 561, 94 Pac. (2d) 676), that the failure of the board to specifically find on the second, third and fourth subdivisions of section 43–1116, I. C. A., was in effect a finding against respondent and in favor of appellants. In other words, that by reason of a failure to specifically find *pro* or *con* on the issues the board in effect found that the hernia did not appear suddenly and immediately following the accident, that it did exist in some degree prior to the injury by accident, and that the accident was not reported to the employer within thirty days after the accident. It appears that the board specifically found that the left inguinal hernia was the result of a personal injury by accident arising out of and in the course of respondent's employment. However, there appears to be no specific finding with reference to the second and third essentials contained in section 43–1116, I. C. A., and the fourth is urged to be likewise insufficient, in that the word "accident" is not used.

Little merit appears in appellant's contention that the board failed to find "that the hernia was reported to the employer within thirty days after the accident." The board did find "that the employer received notice of the injury within thirty days after the happening thereof." The salutary purpose of the provision of section 43–1116, I. C. A., providing for notice to the employer is that the employer be timely advised of the employee's condition, its cause and the time thereof, rather than a specific use of the words contained in the statute and such has been the interpretation of subdivision 4 of section 43–1116, I. C. A. Although it be recognized that the words "injury" and "accident" as used in the Workmen's Compensation Act are not synonymous

terms, it may well be that an "injury" was by accident, which fact is to be determined by the board, and the board so found in the instant case, namely: "that the left inguinal hernia for which claimant was operated on was the result of a personal injury by accident." In *Page v. State Ins. Fund,* 53 Ida. 177, 22 Pac. (2d) 681, this court said:

"The evidence conclusively shows, as hereinafter pointed out, that the employer had actual knowledge through its agent of the accident and injury and respondent's condition the day following the accident, although respondent did not specifically state, in so many words, that as a result of the accident she was suffering from hernia. The reason she did not so state was that she did not know at that time nor until she was so informed by her physician. She gave the agent or representative of her employer all of the information concerning her injury. Notice of a physical injury carries with it notice of all things which may be reasonably anticipated to result from it. (*Bates & Rogers Const. Co. v. Emmons,* 205 Ky. 21, 265 S. W. 447, 448.) The requirement of the report necessarily implies knowledge of the injury for which claim is made."

Appellant has cited authorities, concerning actions of various nature, to the proposition that where the findings of fact are silent upon a material point, it is deemed to be found against the one having the burden of proof. However our attention has not been directed to and we have found no authorities from this jurisdiction declaring such a rule or wherein such a presumption has been indulged, but to the contrary it appears that this court has determined that where the trial court has failed to find on all the material issues made by the pleadings the case should be reversed and the cause remanded with instructions to the lower court to make specific findings upon such material issues (*Berlin Machine Works v. Dehlbom,* 29 Ida. 494, 160 Pac. 746; *Later v. Haywood,* 14 Ida. 45, 93 Pac. 374; *Lorenzi v. Star Market Co.,* 19 Ida. 674, 115 Pac. 490, 35 L. R. A., N. S., 1142; *Wood v. Broderson,* 12 Ida. 190, 85 Pac. 490, 496), and such has consistently been the rule in workmen's compensation cases. (*In re MacKenzie,* 54 Ida. 481, 33 Pac. (2d) 113; *Hanson v.*

*Independent School Dist. 11–J,* 50 Ida. 81, 294 Pac. 513; *Scarborough v. Beardmore,* 52 Ida. 180, 12 Pac. (2d) 771.)

The award should be reversed and the cause remanded to the Industrial Accident Board with instructions to permit the introduction of such further evidence as may be deemed necessary and to make specific findings of fact upon the material issues as indicated in this opinion and conclude accordingly, and it is so ordered. Costs to abide the final result.

Ailshie, C. J., and Givens, Morgan and Holden, JJ., concur.