(No. 22283.—

CAROLINE SANDBERG OHLSON, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(HENRY ELLIS, Defendant in Error.)

*Opinion filed June 15, 1934—Rehearing denied October 3, 1934.*

SHAW, J., dissenting.

ALDEN, LATHAM & YOUNG, and H. C. LUTKIN, (WILLIAM L. QUINLAN, of counsel,) for plaintiff in error.

Mr. JUSTICE FARTHING delivered the opinion of the court:

On September 19, 1931, defendant in error, Henry Ellis, petitioned the Industrial Commission for adjustment of his claim for compensation. On June 3, 1931, he had suf-

fered an injury to his right arm by a fall from a ladder while painting on premises improved as an apartment building belonging to Caroline Sandberg Ohlson, plaintiff in error. An arbitrator heard the evidence and found that the applicant was injured as alleged. He made an award for $11 per week for a period of 20 weeks for temporary total incapacity and the further sum of $11 per week for 202½ weeks for ninety per cent permanent loss of use of the right arm. On review by the commission both parties introduced additional evidence. The commission confirmed the award of the arbitrator. The circuit court of Cook county confirmed the award and quashed the writ of *certiorari*. Caroline Sandberg Ohlson brings the case here by writ of error.

It is urged as grounds for reversal that the decision of the circuit court and the award are against the manifest weight of the evidence, and that the Industrial Commission excluded competent evidence offered on behalf of plaintiff in error and admitted incompetent evidence over her objection. It is argued that there is no sufficient showing that an accident occurred or that the relationship of employer and employee existed.

At the hearing before the arbitrator the applicant testified that he was thirty-nine years old; that he was working for plaintiff in error, by whom he had previously been employed as porter to mop walls, scrub and wash woodwork and repair and wash furniture; that this employment had been irregular and had extended over a period of months; that on and prior to June 3, 1931, he had been painting the windows and woodwork in the building of plaintiff in error, for which he was receiving three dollars per day; that on the day in question he was painting a door in back of the garage when the wind blew the door back against the ladder upon which he was standing and caused him to fall and strike his right elbow, shoulder and arm; that when he got up he had pain and a numb

feeling in the arm; that afterwards he got on the ladder and finished the painting and then informed plaintiff in error that he had fallen and hurt his arm; that he told her that it hurt, but he thought it would be all right to-morrow or the next day or so; that he did not work any more; that his arm kept hurting; that he later returned and was paid for the painting; that a few days after the injury he saw a doctor, who prescribed for the injured arm, and that he was admitted to the Cook County Hospital on June 22, 1931.

It was shown that an operation was performed upon the right elbow of Ellis, and it was determined that there was an active tubercular infection present. The bones were curetted and the joint become ankylosed. This condition was shown to be permanent. It was not seriously contended at the hearing that the award was excessive as to the extent of disability. Ellis testified that prior to the accident he could work normally with both arms and hands and that he had been a painter and decorator for sixteen years. He admitted an injury to his right arm at the elbow when he was eight years old but claimed that he had not sustained any permanent injury as a result thereof. It was further shown that the employment by plaintiff in error had been paid for in cash at times and at other times by check. Ellis produced a physician and surgeon who testified that he had made a physical and X-ray examination of the applicant on October 22, 1931. This disclosed a permanently ankylosed right elbow joint. This witness stated in answer to a hypothetical question that there was a direct causal connection between the traumatism of June 3, 1931, and the active tuberculosis that was present on June 22, 1931, when Ellis entered the hospital.

Plaintiff in error devotes considerable space to the contention that the particular door in question had not been painted. She produced a number of witnesses who expressed an opinion upon that question. However, the ar-

bitrator made a personal inspection of the door, and he was therefore in a better position to weigh the testimony on this question than we would be from the record alone. There were various witnesses produced to contradict every material statement made by the applicant with reference to the fact of an accident and notice thereof to the employer. Plaintiff in error also produced a physician and surgeon who was an interne in the Cook County Hospital and who was present at the operation, who testified that it was his opinion that there was an active tuberculosis of long standing in this elbow on June 22, 1931.

We do not deem it necessary to further detail the evidence, as from the above it will be seen that there was a conflict upon every point material to a determination of the necessary allegations to authorize an award. The arbitrator and the Industrial Commission observed the witnesses and their demeanor while testifying, and in addition thereto the arbitrator had viewed the premises and the door which it was said was being painted. We cannot say that the award entered is against the manifest weight of the evidence. (*Keller* v. *Industrial Com.* 302 Ill. 610.) The award in this case will not be disturbed on that ground.

It is next urged that the Industrial Commission erred in excluding competent evidence offered by the plaintiff in error. This is with reference to the offer to prove a statement made by the arbitrator at the time of examining the doors and windows which were said to have been painted at the time of the employment during which this accident occurred. Such statement was properly excluded as it was hearsay and clearly incompetent.

It is next contended that the hypothetical question propounded by defendant in error to his physician and surgeon, who was testifying as an expert, was improper, as it did not contain all of the facts in evidence. An examination of the abstract shows that the hypothetical question was propounded and answered and the witness cross-

examined thereon and no objection whatever was made by plaintiff in error. This objection cannot now be considered.

It is next contended that defendant in error was an independent contractor. The only evidence introduced to support this contention was that of the agent who employed defendant in error. The agent admitted that he had on numerous occasions entered into similar contracts of employment with defendant in error for odd jobs of mopping, washing windows, etc., for which wages were paid by the day, and that this particular employment was the only one that presented any elements of an independent contract, and that the payments of wages earned in the various employments were made sometimes in cash and at other times by check. A mere conflict in evidence was presented. The evidence to sustain the contention that the relationship of independent contractor existed between the parties hereto at the time of the accident in question is not so clear that it must be believed to the exclusion of the evidence of defendant in error.

The fact that defendant in error admitted a previous existing diseased condition does not of itself preclude recovery. It appears from the uncontradicted evidence that prior to the date of the alleged injury there was no disability present but after that date a disability existed. Compensation may be awarded for an injury, although there is a pre-existing disease, if the disease is aggravated or accelerated by such injury. *Rockford City Traction Co.* v. *Industrial Com.* 295 Ill. 358.

The judgment of the circuit court of Cook county confirming the award of the Industrial Commission is affirmed.

*Judgment affirmed.*

Mr. Justice Shaw, dissenting.