(No. 6547. July 19, 1938.)

VIRGIL D. TAYLOR, Employee, Respondent, v. FEDERAL MINING AND SMELTING COMPANY, Employer and Surety, Appellant.

[81 Pac. (2d) 728.]

C. W. Beale, for Appellant.

F. C. Keane, for Respondent.

BUDGE, J.—This is an industrial accident case coming to this court on a direct appeal from an award made by the Industrial Accident Board in favor of respondent Taylor, claimant and employee, against appellant, employer and surety.

We have, with great care, examined the entire record and find the facts to be substantially as set out in the board's findings of fact, which are in part as follows:

"That in about the month of November, 1928, while working as a miner for the Cedar Creek Mining & Milling Company in a mine then being operated by that company in Shoshone County, Idaho, some falling rock struck claimant's back, disabling him for work for a short period of time, after which he was able to and did return to his regular work in the mine; . . . . that on about the 1st day of November, 1936, claimant went to Wallace, Idaho, and consulted with a physician there in regard to the pains in his back; that at about the same time claimant was treated by a physician in Spokane, Washington, and claims that he obtained relief by such treatment and that he was free from pains in his back for some time prior to the 23rd day of November, 1936."

"That on the 23rd day of November, 1936, Virgil D. Taylor, claimant herein, entered the employ of the defendant in the capacity principally of a mucker in the Morning Mine and continued in such employment until and on the 17th day of December, 1936; . . . ."

"That on the 4th day of December, 1936, while moving some lagging in the course of his employment in said Morning Mine, claimant by accident ran a rusty nail into the 'heel' of his right hand; that claimant continued to work for a few days after the accident and then ceased working for three or four days because of the condition of his hand . . . . that the defendant had due notice of said accident."

"That on the 17th day of December, 1936, while mucking in a stope on the twelfth floor of the three thousand foot level of said mine, claimant again sustained a personal injury by accident arising out of and in the course of his said employment in the following manner; . . . . that as claimant stepped backward onto the lagging he missed his footing and as he did so he threw his body backward in order to avoid falling into the opening in the floor; that when claimant fell backward he struck the lower portion of his spine against said lagging and suffered so much pain in his back

as he fell; that co-employees picked the claimant up from where he had fallen and helped him to reach the three thousand foot level of the mine, whence he was hoisted to the surface, placed on a stretcher, carried to an ambulance and taken to the Wallace Hospital . . . . that claimant remained in said hospital until the evening of the 23rd of December, 1936, and during that time he complained of a great deal of pain in his right hand and arm but very little of pain in his back; that the condition of claimant's infected hand and arm did not much improve and he became dissatisfied with the treatment he was receiving in the hospital; that on the afternoon of December 23, claimant demanded that he be allowed to leave the hospital in order to seek medical treatment elsewhere; . . . . ''

"That on said 24th day of December, 1936, claimant went from Wallace, Idaho, to Spokane, Washington, where his injured hand was treated . . . . that said physicians treated the claimant for the cure of said conditions and that claimant's infected hand and arm were soon healed and have given him no more trouble since that time.''

"That the pains in claimant's back continued; . . . . That on the 7th day of April, 1937, claimant was placed in a hospital and given a surgical operation for the cure of the above mentioned condition; . . . . removal of the spineous process and the lamina of the 4th and 5th lumbar vertebrae, exposing the covering of the spinal cord, . . . . it was found that the articular facets between the 4th and 5th lumbar vertebrae were affected by arthritis and that the lamina of the 5th vertebra was abnormally adherent to the dura mater, in such a way that it was pressing on the dura mater; . . . . this lamina was removed and the 4th and 5th lumbar vertebrae were fused.''

"That by reason of said surgical operation claimant has been relieved of the pain in his back, but he now has a stiff spine in the lumbar region; that the above mentioned condition in claimant's lumbar vertebrae, which condition was the cause of the pain in claimant's back, existed in some degree prior to the accident sustained by him on the 17th day of December, 1936, as hereinbefore described, but said condition

was aggravated and made worse by reason of said accident; that the defendant had personal knowledge of said accident immediately after it occurred.''

From the findings of fact the board made the following rulings of law:

''That Virgil D. Taylor, claimant, is entitled to an award against the Federal Mining & Smelting Company, defendant of compensation at the rate of $16.00 a week for total temporary disability for work from and including the 17th day of December, 1936, until the 29th day of October, 1937, in the total sum of $723.68, and compensation for partial disability for work at the rate of 55% of the difference between $26.25 and the weekly wages he is able to earn after the time when his total temporary disability for work ceased on the 29th day of October, 1937, but for a period of not to exceed 150 weeks from and after the 17th day of December, 1936, and that the claimant is not entitled to recover from the defendant anything for expenses incurred by claimant on account of said accidents; that an award should be made, given, filed and entered herein accordingly.''

An award was made and entered by the board in accordance with the foregoing rulings of law.

Appellant assigns and relies upon ten specifications of error which we do not deem it necessary to set out *seriatim*. The principal contention is to the effect that the findings of fact are not based upon any substantial competent evidence and that the findings of fact do not as a matter of law support the award.

There is no dispute in the record that respondent was employed by appellant on the 4th and 17th of December, 1936. No compensation was allowed to respondent for the injury he sustained to his hand on December 4, 1936, and it will therefore be unnecessary to further comment upon said injury. It further appears that while at work, in the character of employment found by the board, on December 17, 1936, respondent sustained the injury set out in the board's finding. He was seen to fall substantially in the manner set out in the findings, the witness Berger corroborating such testimony. Respondent was removed from the mine by his co-employees

and there is evidence to the effect that he became unconscious as a result of the injury; that he suffered great pain in his back which radiated down his legs; that he was taken to the hospital and remained there from the 17th day of December to the 23d day of December, 1936; that his condition did not improve but continued to grow worse until he was operated upon by Doctors Grieve and Lynch, after which operation he was relieved of the continuous and severe pain, and that as a result of the operation he now has a stiff spine in the lumbar region. While it appears that respondent was injured in 1928 by falling rock while employed by the Cedar Creek Mining & Milling Company and thereafter suffered with sciatic rheumatism for which he received medical attention, however, as found by the board, with the exception of a period of time when he worked as a traveling salesman, respondent was thereafter engaged in hard manual labor, over a period of approximately seven and one-half years. When respondent went to work for appellant on November 23, 1936, as a mucker in the Morning Mine, and thereafter until the date of his injury, December 17, 1936, his physical condition was such that he was able to, and did, perform labor as a mucker as other men like employed, excepting the few days he was unable to work by reason of the injury to his hand.

It is appellant's contention throughout that respondent's injury of December 17, 1936, did not cause, contribute to, or aggravate the condition of respondent found at the time of his operation by Doctors Grieve and Lynch, but that the condition was caused by the accident respondent received in 1928. There is some conflict in the evidence upon this point, but we think there was sufficient competent evidence to sustain the board's finding to the effect that claimant's condition was aggravated and made worse by reason of said accident of December 17, 1936. A weakened condition or susceptibility to injury does not preclude recovery. (*Hanson v. Independent School Dist.*, 50 Ida. 81, 294 Pac. 513; *Strouse v. Hercules Min. Co.*, 51 Ida. 7, 1 Pac. (2d) 203; *Scarborough v. Beardmore*, 52 Ida. 180, 12 Pac. (2d) 771; *Fealka v. Federal Min. etc. Co.*, 53 Ida. 362, 24

Pac. (2d) 325; *McNeil v. Panhandle Lbr. Co.,* 34 Ida. 773, 203 Pac. 1068.)

In its brief appellant argues that the board erred in ordering published, and in receiving in evidence, the depositions of Doctors Yount and Lynch, for the reason that they were not sworn or their depositions taken and certified as provided by section 16–911, I. C. A. The record shows that Dr. Yount was "previously sworn by the commissioner in this case." It would appear that Dr. Lynch may have given some testimony before being sworn. However, the record at the beginning of his deposition recites he: "was first duly sworn by the commissioner." Section 16–923, I. C. A., provides:

"An unimportant deviation for any direction relative to taking depositions shall not cause any deposition to be excluded where no substantial prejudice would be done to the opposite party."

Section 43–1409, I. C. A., part of the Workmen's Compensation Law, provides in part:

"Upon the trial of such action the court shall disregard any irregularity or error of the board, unless it be made to affirmatively appear that the party was damaged thereby."

18 C. J. 724, announces the following rule:

" . . . . But there is a presumption in favor of the regularity of taking depositions and the proper performance of duty by the officer taking them, and a motion to suppress a deposition should generally be denied where no prejudice arising from the defect complained of is shown."

Counsel for appellant, thoroughly and with his usual great care and at considerable length examined the witnesses Dr. Yount and Dr. Lynch when their depositions were taken, and there is no showing that appellant suffered substantial, or any, prejudice by reason of any failure of the commissioner to technically follow the statute in administering the prescribed oath to the witnesses, if he did so fail.

Dr. Grieve was sworn over the telephone; his deposition however was not considered by the board.

The evidence fully justified the board in its rulings of law and in its award, both in fixing the time during which re-

spondent suffered total temporary disability and also as to partial disability.

From what has been said it follows that the award is sustained. Costs awarded to respondent.

Holden, C. J., Morgan and Givens, JJ., concur.

Ailshie, J., did not participate.