409 P.2d 104

**Lloyd A. COOK, Employee, Claimant-Respondent,**

**v.**

**ROLAND T. ROMRELL COMPANY, Employer, and Liberty National Insurance Company (now Guaranty National Insurance Co.), Surety, Defendants-Appellants,**

**and**

**Idaho Falls Sheet Metal Company, Employer, and Industrial Indemnity Company, Surety, Defendants-Appellants.**

**No. 9515.**

Supreme Court of Idaho.

Dec. 23, 1965.

Coughlan & Imhoff, Boise, for Romrell Co. and Liberty Nat. Ins. Co.

Richards, Haga & Eberle, Boise, for Idaho Falls Sheet Metal Co. and Industrial Indemnity Co.

**158**

Sharp, Anderson & Bush, Idaho Falls, for respondent.

McQUADE, Chief Justice.

In January 1963 Lloyd A. Cook, claimant-respondent herein, incurred a back injury caused by an accident arising out of and in the course of his employment by Roland T. Romrell Company, his employer, defendant-appellant herein. Cook was unable to return to work immediately thereafter and, because he was suffering from severe back pains, contacted a neurological surgeon, Dr. Bernson, in Salt Lake City, Utah. He visited Dr. Bernson's office four or five days after the accident, at which time Dr. Bernson considered Cook's condition to be sufficiently serious to have him admitted to a hospital as an emergency patient. An operation was performed on Cook's lower back to remove a herniated disc. Dr. Bernson also removed a large amount of disc material which had not been removed in a prior operation on another herniated disc.

On February 18, 1963, Cook sneezed and immediately experienced numbness of his right leg. He called Dr. Bernson, who suggested bed rest and heat treatment. Shortly thereafter Cook began experiencing pain in his back and leg. On March 17, 1963, the pain became "excruciatingly severe"; Cook returned to Salt Lake City and Dr. Bernson again admitted him to the hospital as an emergency patient. Dr. Bernson performed another operation, at which time he removed a moderate-sized fragment of disc material which he had not observed in the previous operation.

Cook thereafter filed a claim for compensation, naming as defendants his em-

ployer and its surety, Liberty National Insurance Company (now Guaranty National Insurance Company), both of which are appellants herein, and also his previous employer, Idaho Falls Sheet Metal Company, and its surety, Industrial Indemnity Company, also appellants herein.

Cook's medical history reveals that in 1960 he suffered an industrial accident which necessitated an operation on his back. Dr. Barnard, who performed the operation, removed a herniated disc, part of which remained in Cook's back, however, until its removal by Dr. Bernson in his first operation on Cook in January 1963. At the time Cook incurred the 1960 injury, he was employed by Idaho Falls Sheet Metal Company.

The record reveals that prior to the 1960 injury, Cook, while working for Idaho Falls Sheet Metal Company, had seven industrial accidents which resulted in injuries to various parts of his back. These injuries all were treated by a chiropractor, whose fees were paid by the surety. On four of the occasions Cook lost no time from work, twice he lost no more than three days, and once he was off work for two weeks. Cook apparently received no treatment for those injuries other than that performed by the chiropractor. The reports of the chiropractor, including his diagnoses and treatments for each of Cook's accidents, were made a part of the record.

The Industrial Accident Board, on the basis of the expert medical testimony of Dr. Bernson, found that the expenses for Cook's medical treatment necessitated by the 1963 injury were incurred on an "emergency basis, obviating the necessity for prior authorization by the defendants, or any of them, pursuant to Idaho Code, 72–307." [1] On the basis of the testimony of both Drs. Bernson and Barnard, the Board apportioned one-third of its award to the 1960 accident (to be paid by Industrial Indemnity Company) and two-thirds to the

---

1. "72–307. Medical attendance.—The employer shall provide for an injured employee such reasonable medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus, as may be required or be requested by the employee immediately after an injury, and for a reasonable time thereafter. If the employer fails to provide the same, the injured employee may do so at the expense of the employer. All fees and other charges for such treatment and services and compensation therefor shall be subject to regulation by the board. The pecuniary liability of the employer for the treatment and other service herein required shall be limited to such charges as prevail in the same community for similar treatment of injured persons of a like standard of living when such treatment is paid for by the injured person. In determining what fees and charges are reasonable, the board shall consider the increased security of payment afforded by this act."

1963 accident (to be paid by Guaranty National Insurance Company). It also found:

" \* \* \* that there is no competent evidence in the record from which the Board properly can find that any of such conditions, or the disability resulting therefrom, was caused or contributed to in any measurable degree by the pre-1960 episodes, or any of them, or from any activity, incident or episode other than the industrial accidents which occurred on or about May 20, 1960 and on or about January 24, 1963."

Both appellants Romrell Company and Idaho Falls Sheet Metal Company and their respective sureties assign error to the Board's failure to apportion part of Cook's injuries to his pre-1960 accidents; its failure to make specific findings as to the effect of those injuries on Cook's 1963 injury; and its failure to ascertain, independently of the evidence presented by the parties, the relationship between Cook's pre-1960 injuries and those subsequent.

While it is true that under I.C. § 72–323 [2] the Board is required to apportion medical expenses to prior contributing injuries, there first must be evidence to support a finding that the claimant's injury

was causally connected to his previous injuries. The present case is dissimilar to *Andrus v. Boise Fruit & Produce Company*, 84 Idaho 245, 371 P.2d 256 (1962); *Smith v. Mercy Hospital*, 60 Idaho 674, 95 P.2d 580 (1939); *In re MacKenzie*, 54 Idaho 481, 33 P.2d 113 (1934), and other cases cited and relied upon by appellants in that here there *was* evidence introduced relating to Cook's prior injuries, the expert medical witnesses testified as to their opinions of the relationship between the prior injuries and those subsequent, and the Board did make a finding as to such relationship. These witnesses were the attending physicians to the claimant, thereby having firsthand knowledge of his physical condition. The appellants apparently read the Board's finding as stating that no competent evidence appeared in the record on which the Board could reach a conclusion on the issue of apportionment between the pre-1960 injuries and those subsequent. Such is not the Board's finding; the Board concluded that the evidence did not justify a finding that the injuries incurred by Cook in 1960 and 1963 were "caused or contributed to in any measurable degree by the pre-1960 episodes." The Board investigated and took into consideration the possible effect of Cook's pre-1960 injuries on his subsequent

2. "72–323. Deductions for preexisting injuries and infirmities.
 \* \* \* \* \*
"If the degree or duration of disability resulting from an accident is increased or prolonged because of a preexisting injury or infirmity the employer shall be liable only for the additional disability resulting from such accident. \* \* \*"

disability; that was sufficient to satisfy the statutory requirement. The Board did not find a causal relationship between Cook's prior injuries and those involved in this claim. There was sufficient evidence in the record for the Board to make a finding on the issue of causal relationship and to support its conclusion that such causal relationship did not exist between the pre-1960 injuries and the 1963 injury.

Appellants Romrell Company and its surety, Liberty National Insurance Company, also contend that the Board erred in finding that Cook suffered a compensable accident in 1963 and that his treatment in Salt Lake City was on an emergency basis, thus not requiring prior authorization. The appellants also object to the Board's apportioning two-thirds of Cook's compensation to the 1963 accident and only one-third to the 1960 accident.

 The jurisdiction of this court on appeal from an order of the Industrial Accident Board is limited to a review of questions of law. I.C. § 72–608. Upon reviewing the record, we conclude that the evidence is sufficient to support the Board's award.

The order of the Industrial Accident Board is affirmed.

Costs to respondent.

McFADDEN, TAYLOR, SMITH and KNUDSON, JJ., concur.