# 600

468 P.2d 864

**Bud J. HATHAWAY, Claimant-Respondent,**

v.

**UTAH–IDAHO SUGAR COMPANY, Self-Insured, Defendant-Appellant.**

**No. 10497.**

Supreme Court of Idaho.

May 5, 1970.

———◆———

Robert J. Fanning, of Albaugh, Bloem, Smith & Pike, Idaho Falls, for appellant.

Richard R. Black, Pocatello, for appellee.

SHEPARD, Justice.

This is an appeal from a decision of the Industrial Accident Board, awarding the claimant, Bud J. Hathaway, certain benefits and reserving decision and jurisdiction on other issues.

Defendant-appellant herein, Utah-Idaho Sugar Company, was engaged in the manufacture of sugar and for the purposes of Idaho workmen's compensation law was a self-insurer.

Bud J. Hathaway, claimant-respondent herein, was employed by Utah-Idaho as a truck driver and on December 26, 1967, while in the course of his employment, sustained injuries as a result of an accident involving the truck he was then driving. Following the accident, the claimant was seen by a physician in Idaho Falls, but was shortly thereafter released to the care of one Henry G. West, a chiropractic physician of Pocatello. The claimant received treatment from Dr. West and was released by him on February 18, 1968, as able to return to work. Evidently no claim was filed with the Industrial Accident Board nor was any formal agreement reached between claimant and Utah-Idaho Sugar; however, the claimant received total temporary disability compensation and medical expenses from the time of December 26, 1967 to February 18, 1968.

Thereafter claimant returned to work as a truck driver for various employers on construction jobs, starting approximately the 25th day of March, 1968, and continuing to November 17, 1968. During the months of November and December, 1968, and January, 1969, the claimant drew unemployment compensation.

During the latter months of 1968, the claimant experienced continuing back pain and eventually consulted a physician. A myelogram was recommended, and, depending upon the findings thereof, probably a laminectomy to correct what that physician tentatively diagnosed as a herniated intervertebral disc at the L–4, L–5 level. The results of the myelogram sustained the doctor's tentative diagnosis and the laminectomy was performed. Thereafter the claimant was totally disabled for any work up to and including the date of the hearing

before the Industrial Accident Board on April 29, 1969. The Board made an award of total temporary disability compensation from December 26, 1967, to and including February 18, 1968, together with medical expenses incurred during that period of time, all of which the Industrial Accident Board noted had been previously paid by Utah-Idaho Sugar. The Board further awarded medical expenses incurred from January 7, 1969 to April 29, 1969, and total temporary disability from January 19, 1969 to and including April 29, 1969. The Board did not decide and retained jurisdiction on other issues, including, but not limited to, further permanent disability and/or further temporary disability, and further medical expenses following April 29, 1969.

Utah-Idaho Sugar has appealed said decision of the Industrial Accident Board, assigning a number of errors which can be summarized as stating that Utah-Idaho Sugar did not receive sufficient notice of the alleged necessity for further medical expense and surgery and that the evidence before the Industrial Accident Board did not sustain its findings that the injury of December 26, 1967 resulted in the disability of claimant beginning January 19, 1969, or necessitated the medical treatment and expenses beginning January 7, 1969.

■ The testimony is undisputed that a Notice of Injury had been timely filed by claimant following the accident of December, 1967. The evidence indicates that the attending physician on January 9, 1969, wrote a letter to Utah-Idaho Sugar notifying it of the necessity for the treatment and surgery and requested permission to so treat the claimant. Utah-Idaho Sugar refused to assume any responsibility for such treatment or surgery. Although the evidence on the point of notice to Utah-Idaho Sugar is somewhat inconclusive regarding the previously mentioned letter and as to the date of telephone calls between the office of the physician and Utah-Idaho Sugar, the Industrial Accident Board's finding that the treatment was requested from the employer, but the employ-

er failed and refused to provide medical treatment is sustained by adequate testimony. Earl v. Swift & Co., 93 Idaho 546, 467 P.2d 589 (1970); and Oliver v. Potlatch Forests, 73 Idaho 45, 245 P.2d 775 (1952).

The crux of Utah-Idaho Sugar's argument is that there are inconsistencies in the claimant's medical testimony as to whether or not the disability beginning in 1969 and the medical expenses beginning in 1969 resulted from the injury of December, 1967. The testimony of the orthopedic physician who attended the claimant in 1969 and who performed the surgery is that the sole and only cause of the necessity for surgery in 1969 was the injury of December 26, 1967. On the other hand, the chiropractic physician who treated claimant during the early months of 1968 testified that in his opinion the claimant could not have been disabled by the December 26, 1967 accident, but in fact the disability resulted from some unknown cause predating the injury of December, 1967.

■ The Industrial Accident Board evidently saw fit to disregard the conclusion of the chiropractic physician and place its faith in the attending physician and surgeon, since in its findings and conclusions it held that the accident and injury of December 26, 1967 necessitated the medical treatment beginning January 7, 1969 and continuing to and including the date of the hearing April 29, 1969. Earl v. Swift & Co., supra; and Dawson v. Hartwick, 91 Idaho 561, 428 P.2d 480 (1967).

Appellant Utah-Idaho Sugar also contends that at the least the claimant's injury of December 26, 1967 was aggravated by "micro-trauma" while he was working at his truck driving occupation following May, 1968, and that therefore the total disability awarded by the Board and the medical expenses awarded by the Board should have been apportioned between Utah-Idaho Sugar and the subsequent employers of claimant. It is sufficient to say that this issue was framed before the Board and the Board, after hearing the testimony, reject-

ed the argument of Utah-Idaho Sugar. Dawson v. Hartwick, supra; Earl v. Swift & Co., supra; and Wilson v. Gardner Associated, Inc., 91 Idaho 496, 426 P.2d 567 (1967).

Finally, respondent contends that Utah-Idaho Sugar contested this claim before the Industrial Accident Board and appealed to this Court without justification, and thus claimant-respondent should be awarded attorney's fees by this Court. What we have said heretofore, particularly the mention of the testimony regarding sufficiency of notice and the conflict within the claimant's own medical testimony, indicates that there is a genuine controversy surrounding the claim for compensation and medical expenses. Therefore, respondent's claim for attorney's fees on this appeal is denied.

The award of the Industrial Accident Board is thereby affirmed. Costs to respondent.

McFADDEN, C. J., and McQUADE, DONALDSON and SPEAR, JJ., concur.